879 P.2d 1

**Charles E. COWAN, Director, Arizona Department of Transportation, Defendant/Appellant,**

v.

**John A. LACHNER, Petitioner/Appellee.**

**No. 2 CA–CV 94–0009.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 4, 1994.

Grant Woods, Atty. Gen. by Peter C. Gulatto, Phoenix, for defendant/appellant.

Robert G. Swan, Phoenix, for petitioner/appellee.

## OPINION

HATHAWAY, Judge.

Appellee's driver's license was revoked after he was convicted twice of driving while under the influence of alcohol. When the revocation period ended, he applied for a new license, which was denied by an investigating officer and again by a hearing officer after a hearing. Appellee sought review by the superior court, and the state stipulated that his license could be reissued. On appeal the state challenges the trial court's award of attorneys' fees in favor of appellee.

A.R.S. § 12–348(A)(2) provides that the court shall award to a prevailing party fees and expenses incurred in a "court proceeding to review a state agency decision...." Subsection (H)(2) provides that the statute does not apply to "proceedings brought by this state pursuant to title 13 or 28." While we agree with the state that the word "proceedings" in subsection (H)(2) was meant to include administrative review of agency decisions, we also agree with appellee that the proceeding here was not brought by the state. Under § 28–448(B), once a person's suspension or revocation period has expired, he or she may apply for a new license. The application process for a new license thus begins and although it is necessary because of the applicant's having had a prior suspension or revocation, it is not part of the same proceeding. It became necessary when appellee's application for a new

license was denied. Because the state did not initiate the underlying administrative proceeding and the superior court's review, § 12–348(H)(2) does not apply and the award of attorneys' fees was proper.

Affirmed. Appellee is also awarded his costs and attorneys' fees incurred in connection with this appeal upon compliance with Ariz.R.Civ.App.P. 21(c), 17B A.R.S.

DRUKE, C.J., and ESPINOSA, P.J., concur.